**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Deshawn Boyd,<br><br>　　　　Petitioner,<br><br>v.<br><br>A. Dulgov,<br><br>　　　　Respondent. | No. CV-22-00410-TUC-JCH (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Andre Deshawn Boyd (Boyd or Petitioner) presently incarcerated in the Federal Correctional Institution in Safford, Arizona ("FCI Safford"), filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1.) Respondent filed their answer on December 13, 2022. (Doc. 12.) The time to file a reply has passed. (*See* Doc. 5 at 3.) Boyd filed neither a reply nor a motion to extend the deadline. The Court considers this matter fully briefed. This matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation. *Id.* As more fully set forth below, this Court recommends that the petition be denied and dismissed.

**I.  BACKGROUND**

On June 7, 2016, the State of Texas sentenced Boyd to a term of ten years' incarceration for possession of a controlled substance—cocaine. (Doc. 12-4 at 2.) On June 16, 2016, the United States Marshals Service took custody of Boyd pursuant to a writ of habeas corpus ad prosequendum.[1] (Doc. 12-1 ¶ 6.)

---

[1] A writ of habeas corpus ad prosequendum secures the presence of a criminal defendant who is held in a state's custody for trial. *Johnson v. Gill*, 883 F.3d 756, 759 n.2 (9th Cir.

On February 9, 2017, following a guilty plea to conspiracy to possess with intent to distribute cocaine, the United States District Court for the Western District of Texas sentenced Boyd to a 121-month term of incarceration, followed by a five-year term of supervised release. (Doc. 1-3 at 13-15.) The federal judgment did not mention the existing state sentence or indicate if the federal sentence should be consecutive or concurrent to it. *Id.* On February 24, 2017, Boyd returned to a state facility to complete his state sentence. (Doc. 12-1 ¶ 8.) Boyd had been receiving credit on his state sentence continuously while in the federal facility. *Id.* ¶ 9. On June 5, 2020, Boyd completed his state sentence and was released into the custody of the United States Marshals Service. *Id.* The Bureau of Prisons (BOP) determined that the federal sentence would run consecutively with the state sentence, commencing after the state sentence had been satisfied. *Id.* ¶ 10. Boyd began serving his federal sentence on June 5, 2020. *Id.* ¶ 14.

Petitioner argues BOP erroneously withheld "jail credit" from the time transferred to a federal facility for a subsequent prosecution until being sentenced in that prosecution—from June 16, 2016, until February 9, 2017. (Doc. 1 at 4.) BOP reviewed Boyd's sentence computation. (Doc. 12-1 ¶ 16.) It discovered that Texas state authorities had taken Boyd into custody on March 5, 2016, but that Boyd did not start receiving credit on his state sentence until March 20, 2016. *Id.* Thus, BOP has credited Boyd with his time in custody from March 5, 2016, to March 19, 2016, because it had not been credited to his state sentence. *Id.*

## II.   DISCUSSION

### a.  Exhaustion

Before a court may consider the merits of a § 2241 petition, it must address exhaustion. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). To exhaust a § 2241 claim, a petitioner must exhaust all available judicial and administrative remedies, unless excused. *Id.* For § 2241 claims, the exhaustion requirement is prudential—not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "When a

2018).

- 2 -

petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The final level of administrative review is appealing to the General Counsel. 28 C.F.R. § 542.15(a). Boyd raised this issue with BOP Designation and Sentence Computation Center. (Doc. 12-10 at 2-3.) He also raised this issue with the General Counsel's Office. (Doc. 1-3 at 38.) Moreover, Respondent does not raise an issue with exhaustion. (Doc. 12.) As such, Respondent has waived any issue with exhaustion. Thus, the Court will consider this matter properly exhausted.

### b. Merits

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Federal courts have determined that "custody" in this context refers to both physical custody and primary jurisdiction. *Johnson v. Gill*, 883 F.3d 756, 761, 764 (9th Cir. 2018). Generally, the sovereign that arrests a defendant first has primary jurisdiction over them. *Id.* That sovereign may consent to transferring a defendant to another sovereign for trial or other proceedings without losing primary jurisdiction. *Id.* at 762. A sovereign may intentionally relinquish primary jurisdiction. *Id.* at 765. Temporarily transferring a prisoner pursuant to a writ of habeas corpus ad prosequendum does not terminate primary jurisdiction, causing a federal sentence to commence. *Thomas v. Brewer*, 923 F.2d 1361, 1368 (9th Cir. 1991).

Here, the state transferred Boyd to federal physical custody pursuant to a writ of habeas corpus ad prosequendum. (Doc. 12-1 ¶ 6.) Boyd was transferred back to the state because the state had retained primary jurisdiction over him. *Id.* ¶ 8. Thus, the federal sentence did not commence until the state sentence had expired. Additionally, Boyd could not be given credit for his prior custody because it was credited against his state sentence. *See* § 3585(b). Moreover, BOP correctly considered the federal sentence as consecutive to

the state sentence because the sentencing court did not order otherwise. *See* 18 U.S.C. § 3584(a). Thus, the Court finds the petition is without merit.

### III.     RECOMMENDATION

Accordingly, it is recommended that the district court, after its independent review, deny and dismiss the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and 72(b)(2), Fed. R. Civ. P., any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. The Clerk of Court is directed to terminate the referral of this matter. Filed objections should bear the following case number: **4:21-cv-00410-TUC-JCH**.

Dated this 1st day of March, 2023.

Honorable D. Thomas Ferraro
United States Magistrate Judge